## JOHN W. FLETCHER *vs.* EDWARD F. REED & another.

Suffolk.    March 11. — June 29, 1881.    COLT & DEVENS, JJ., absent.

A partner of a firm formed for an indefinite time may withdraw when he pleases, and dissolve the partnership, if he acts without any fraudulent purpose; and he is not liable to his copartner for damages caused by such withdrawal.

A firm, consisting of A. and B., had, under an agreement with C., the exclusive right of selling in certain States articles for which C. held patents, and undertook to form a corporation in one of the States for the purpose of carrying on the business there. The firm accordingly sold to D. and E. in that State for a certain sum an undivided half interest in the rights it had under its agreement with C. At a meeting of the parties, at which B. was present, but without authority to act for A., it was voted to assess a certain sum upon the parties according to the stock each was to have. D. and E. paid their part, and B. paid his part; but no corporation was ever formed. After the dissolution of the firm, A. paid to D. and E. the amount they had paid, and bought, through F., the patents of C. for the State in which the corporation was to have been formed; but A. made no profit out of the transaction. *Held*, on a bill in equity by A. against B. to settle the affairs of the partnership, that A. should not be charged with the amount paid to D. and E.; and that B. should not be allowed the amount of the assessment paid by him.

A partner, to whom the firm is indebted for advances made by him, is entitled, in a settlement of its affairs, to charge the firm with the amount paid by him

as discount on notes payable to the firm, and is not chargeable with the amount of a premium received by him on a draft payable in gold, if he has credited the firm with all he received on the draft.

If an exception to the report of a master in chancery shows merely that a question to a witness was excluded, and the materiality of the question does not appear in the record, the exception will be overruled.

MORTON, J. This is a bill in equity brought to settle the affairs of a partnership. The case having been referred to a master, the defendants filed numerous exceptions to his report, which were overruled by a single justice of this court, and an appeal taken to the full court.

1. The master finds that the copartnership between the parties was formed by an oral agreement, for an indefinite time, to which finding no exception is taken. A partnership for an indefinite period is in law a partnership at the will of the partners, and either partner may withdraw when he pleases, and dissolve the partnership, if he acts without any fraudulent purpose. It follows that the master rightly ruled that the defendants were not entitled to be allowed for any damages which they contended were caused by the withdrawal of the plaintiff from the firm.

2. The business of the firm was introducing and selling "vapor burners," for which Solomon S. Gray and Allen F. Gray held patents, and which were manufactured by them. The firm of Whidden, Reed & Fletcher by agreements with said Grays had the exclusive right of introducing and selling them in the Middle and Western States. It undertook to form a corporation in New York for the purpose of carrying on the business in that State and New Jersey; in carrying out this scheme, it sold to certain persons in Albany an undivided half interest in all the rights it had under its agreements with the Grays in said States of New York and New Jersey, who paid the firm therefor $4000. The scheme of the parties was to form a corporation in New York with a nominal capital of $200,000, of which the parties in Albany were to have one half and Whidden, Reed and Fletcher one sixth each. At a meeting of the parties in Albany, at which Whidden was present, but without authority to act for Reed or Fletcher, it was voted to assess the sum of $4000 upon the parties according to the stock each was to have. The parties at Albany paid their part, amounting to $2000; Whidden paid his part, amounting to $666.66; and

Reed paid $120 of his part. It was found that a corporation could not legally be formed in New York upon the basis proposed, and no corporation was ever formed. Some business, however, was carried on in New York and New Jersey, but no profit accrued from it.

Some time after the dissolution of the firm, Fletcher, as he testified, "to try to save something for himself out of this busi ness," paid the Albany parties the amount they had paid, $6000, and bought, through one Bancroft, the patents of the Grays for the States of New York and New Jersey. The defendants contend that, in adjusting the accounts of the partnership, Fletcher should be charged with this sum of $6000 as the value of the interest of the firm sold to the parties in Albany. If we assume that, in his attempt to extricate himself from the New York adventure, Fletcher had no right to act in his own interest exclusively, but must be deemed to have acted as trustee for his former partners, he would then only be required to account for any profit he made or might have made out of the transaction. But there was sufficient evidence before the master to justify the finding that he made no profit, that the interest which he took from the parties in Albany was valueless, and that the transaction resulted in a loss. Such is the fair result of the testimony. The master therefore properly disallowed this claim of the defendants.

3. The master also rightly disallowed the claim of the defendants that, in adjusting the accounts, Whidden should be allowed the assessment of $666.66 paid by him on account of the New York adventure, and Reed the assessment of $120 paid by him. These payments were made by them on their individual accounts, and not on account or for the benefit of the firm.

4. The defendants contend that the plaintiff should be charged $300 for the premium on a draft received by him for $3000 payable in gold. The master finds, upon evidence which is uncontradicted, that the plaintiff has credited the firm with all he received on this draft, including the premium on gold. The defendants also contend that the plaintiff ought not to charge the firm with $180 discount paid by him on certain notes received from Albany. The evidence is, that the plaintiff paid this discount, and that at the time the firm was largely indebted

to him for advances made by him. He had the right to discount the notes and credit the firm with the net sum received, for the purpose of repaying his advances.

5. One of the defendants' exceptions is to the exclusion by the master of the following question put to S. S. Gray: "What representations were made to you by Mr. Bancroft when he purchased the patent right for New York and New Jersey." We are inclined to think that Bancroft was so far the agent of the plaintiff that some representations or statements made by him in the course of his agency might be admissible against the plaintiff. But the question put to Gray is general, calling for all representations made by Bancroft. The difficulty with this exception is, that neither the question, nor the exception, nor any part of the record before us, shows what the statements of Bancroft which the defendant sought to put in were, or whether they were material and competent. We cannot hold, as matter of law, upon this record, that the master erred in disallowing the question.

We have thus considered all the exceptions which the defendants have argued in this court. We do not think it necessary to discuss the others; it is sufficient to say that, upon the report before us, we see no reason for sustaining any of them. The result is, that the exceptions to the master's report are overruled, and a decree according to the findings of the master is to be entered for the plaintiff, the form of the decree to be settled before a single justice. *Decree for the plaintiff.*

*H. Stevens*, for the defendants.

*G. M. Hobbs*, for the plaintiff.