JOHN U. GATY, Appellant, v. JAMES K. TYLER, Respondent.

Kansas City Court of Appeals, December 20, 1888.

**Partnership for an Indefinite Time:** RIGHT TO DISSOLVE : RETURN OF PREMIUM : DAMAGES : UNREASONABLE TIME. A partnership entered into for no specific time is a partnership at will, and may, in the absence of fraud, be dissolved by either partner at any time, and in such case if there is no agreement for the return of the premium, paid for membership therein, or an apportionment of it, no part thereof is returnable ; nor do damages legally follow from a dissolution, and the unreasonableness of the time of the dissolution will not, in itself, defeat the right to dissolve, nor warrant damages therefor.

*Appeal from the Henry Circuit Court.*—HON. JAMES B. GANTT, Judge.

REMANDED (*with directions*).

*M. A. Fyke,* for appellant.

(1) In an action by one partner against another, for an accounting, a claim for damages for the refusal of plaintiff to longer continue in partnership with defendant, cannot be adjudicated. (2) The articles of co-partnership fixed no limit to its existence. It was therefore determinable at the pleasure of either partner. *Fletcher v. Reed,* 131 Mass. 312 ; *Walker v. Whipple,* 25 N. W. Rep. 472. (3) The decree should have been responsive to the pleadings. It does not appear upon what theory the court made its finding ; no account was taken of the assets of the firm ; no order was made touching the disposition of its property ; no decree of dissolution was made.

*Sam'l P. Sparks* and *W. W. Wood*, for respondent.

(1) An action at law can be maintained by one partner against the other for a violation of the articles of co-partnership, and no good reason can be perceived why such damages should not have been adjudicated in this action. *Kinealy v. Macklin*, 2 Mo. App. 341; *Bagley v. Smith*, 10 N. Y. App. 489; *Adams v. Fulton*, 39 Pa. St. 447; 1 Story Eq. Jur. sec. 450; 1 Lindley Part. [Ewell's Ed.] 71, where it is expressly held that it may be considered in an action of this sort. (2) But conceding it to have been a partnership for an indefinite period, or at will, still the dissolution must have been in good faith, and not at an unreasonable time, nor capricious, and damages for such unwarrantable dissolution can be taken into consideration in an accounting in equity upon such dissolution. *Walker v. Whipple*, 25 N. Y. 472; *Adams v. Kable*, 6 B. Mon. (Ky.) 384; *McMahon v. McMahon*, 10 W. Va. 419; *Howell v. Harvey*, 5 Ark. 270; 1 Story's Eq. Jur. sec. 668. See authorities cited under proposition *supra*.

ELLISON, J.—Plaintiff was engaged in the real-estate business and by written agreement, for a premium of five hundred dollars, he sold a one-half interest therein to the defendant. The duration of the partnership was not fixed or limited by the agreement. One month after its formation they disagreed as to the amount defendant should charge himself with on the partnership books as commission due the firm from a sale of defendant's individual property and separated, plaintiff continuing to prosecute the business as before the partnership and defendant setting up for himself in a rival business. Plaintiff filed his bill praying for an accounting and dissolution, claiming twenty-five hundred dollars as due him on proper accounting. Defendant answered admitting the partnership, but denying the

allegations in reference to the terms and conditions under which he was alleged to have sold his individual property ; admitting that he charged himself on the partnership books with a commission of three hundred dollars on the sale of his property, but that he did so, not that he conceded that he owed anything, but, "solely as a gratuity to plaintiff and for the purpose of preserving harmony and good feeling." He also prayed "that an account be taken of the affairs of the co-partnership and that plaintiff be decreed to refund to him the aforesaid sum of five hundred dollars, so paid to him as a consideration for a one-half interest in said co-partnership with interest thereon, and the further sum of five hundred dollars as damages for the wrongful and forcible dissolution of said co-partnership." The court found, generally, the "issues" for defendant and assessed ".the amount due defendant at four hundred dollars." Plaintiff appeals.

The dissolution seems to have resulted from a misunderstanding as to what was due the firm from defendant by reason of the sale of his individual property. The evidence disclosed that, of the five hundred dollars premium, defendant had only paid plaintiff four hundred dollars. Whether the court's finding for defendant of four hundred dollars is for a return of the premium or for damages, or for a portion of the premium, and the balance in damages, we cannot say, as the finding is general. But as the judgment is to be reversed we will consider the principles which we think are applicable, so that it may be properly disposed of on a rehearing.

The partnership not being limited as to time, two questions are presented for consideration : (1) Is defendant under such partnership entitled to a return of all or any portion of the premium paid to become a partner ; and (2) is defendant entitled to damage by reason of the dissolution ?

It may be stated to be the rule, that where a partnership is entered into for no specific time, it is a partnership

at will, and may, in the absence of fraud, be dissolved at the pleasure of either party, and in such case if there is no agreement for a return of the premium or an apportionment of it, no part thereof is returnable. 1 Lindley on Part. 73. The difficulty is in determining what exceptions are to be allowed to this rule. It is agreed upon every hand that fraud will prevent a dissolution, but there is contrariety of opinion as to whether, though there be no taint of fraud, the dissolution must nevertheless not take place at an unreasonable time. There was an actual dissolution in this case by act of the parties and the question of the non-existence of the right to dissolve by reason of fraud or unreasonableness of time, only arises for the reason that in determining the right, we determine whether any rightful claim of the premium by defendant can exist, and whether damages can legally follow from the dissolution. Fraud in a case like this might be proved, as in other cases, by the circumstances—the acts and conduct of the party charged with its commission. Thus, if one should take in a partner in consideration of premium paid to him, and immediately upon the close of the contract and receipt of the money, he should dissolve the partnership, it would be a rare case in which the conclusion would not follow that a fraud was intended and practiced, and that the purchasing partner was entitled to a return of the premium.

In the case of *Featherstonhaugh v. Turner*, 25 Beav. 391, the contract contained a provision that the partnership was to continue "for such term and time as they should mutually agree so to continue partners." And the master of the rolls said : "This partnership having been entered into between Mr. Turner and Mr. Marsh, in consideration of eight hundred pounds paid by Mr. Marsh, I think it was not in the power of Mr. Turner to dissolve it the next day and keep the eight

hundred pounds in his pocket." But even to such statement the master, notwithstanding the stipulation as to the continuance of the partnership, felt it necessary to add that, on account of other provisions in the contract, "it was not a partnership to be dissolved merely at will." The question is in some respects perplexing, but unless fraud be shown, I am of the opinion that however short the time between the agreement for an unlimited partnership and the dissolution there is no right to a return of the premium. The agreement in such case is not without consideration, the consideration is made to consist in the partnership and not alone in its continuance. There is, however, nothing in the present record to indicate that Gaty, either in entering into the contract of partnership providing for the payment to him of the premium, or in dissolving it, had in view the appropriation of the premium. The dissolution seems clearly to have come about from an honest difference which rendered their further partnership relation impracticable.

I will now consider whether in an unlimited partnership there can be, legally speaking, "an unreasonable time" for its dissolution. It is apparent that if the dissolution of a partnership, unlimited as to time, is yet to be limited to a reasonable time, the statement that such partnership is a partnership at will is erroneous; and yet all unite in so designating such a partnership. I have seen no clearer statement of the proposition than that made by Chancellor Kent—and know of no one whose opinion can be more safely adopted. He says: "It is an established principle in the law of partnership, that if it be without any definite period any partner may withdraw at a moment's notice, when he pleases, and dissolve the partnership    *    *    * . The existence of engagements with third persons does not prevent the dissolution by the act of the parties, or either of them, though these engagements will not be affected, and the partnership will still continue as to all

antecedent concerns until they are adjusted and settled. * * * A partner may, if he please, choose a very unseasonable moment for the exercise of his right. A sense of common interest is deemed a sufficient security against the abuse of the discretion." 3 Kent's Com. 53. This view is sustained by Story on Part., sec. 269 ; by Lindley on Part. 73, and by *Burden v. Barkus,* 4 DeG., F. & J. 42 ; *Peacock v. Peacock,* 16 Ves. 49 ; *Featherstonhaugh v. Fenwick,* 17 Ves. 298 ; *Skinner v. Tinker,* 34 Barb. 333 ; *Walker v. Whipple,* 25 N. W. Rep. 375 ; *Fletcher v. Reed,* 131 Mass. 312.

We have been cited to *McMahon v. McMahon,* 10 West Va. 459, 462, and to *Howell v. Harvey,* 5 Ark. 270, 280, as holding a contrary doctrine. In the former case the matter is not decided, but the intimation is in favor of the rule I have stated. The latter does qualify the rule as stated by Kent, and after referring to that author says : "In cases of equity, we think the true rule to be this, that to enable one partner to dissolve at will the partnership, two things must occur, first, the renunciation of the partnership must be in good faith, and secondly, it must not be made at an unreasonable time." Even did I believe this to be the correct doctrine, I should not feel inclined to apply it to a case of the sort now before us. In speaking of what is an unreasonable time, the writer of the opinion in that case says : "It (the dissolution) is said to be made at an improper time, when the things are no longer entire that were of consequence to partnership, and which should have deferred the dissolution." The improper time of dissolution here referred to has reference to the state of the partnership affairs and not to the length of its duration, as to whether it may or may not have earned a premium paid at the beginning. If the reasonableness of the time of the dissolution is of consequence in considering the rights of the parties to a premium paid, or has reference to such matter, by what rule is the premium to be apportioned? The question can be and

Gaty v. Tyler.

has been answered in cases where the premium was sought to be recovered on the dissolution of a partnership with a fixed period of duration. 3 Giff. 507; 23 Beav. 77; 31 Beav. 22. But where the parties have not seen fit to fix a time by the contract, are the courts to fix it by some indirect means? If one receives of another one thousand dollars for entering into his business as a partner, for ten years, and at any time short of that period should dissolve the partnership, the proportion of the premium which should be returned may be ascertained. But if the time is not fixed what period shall we take for its duration as the basis upon which to make the apportionment, one month, one year, or thirty years? We must assume that the party paying the premium knows that his contract is such that it may at any time be dissolved by the death, the bankruptcy or the will of his partner, and that if he wished it otherwise he would have so provided.

The result is that we hold defendant not entitled to a return of any portion of his premium; and having arrived at the conclusion that plaintiff had a right to dissolve the partnership, it follows that no damages could result to defendant by the exercise of that right. *Fletcher v. Reed*, 131 Mass. 312.

We might proceed to determine the case as it now stands, the affirmative matters presented by defendant being eliminated, but we deem it proper to remand the cause that the trial court may determine what relief, if any, should be granted plaintiff